# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Sheila Clark, <br><br> Plaintiff, <br><br> v. <br><br> Target Corporation, <br><br> Defendant. | C/A No.: 2:19-cv-01997-RMG <br><br> **ORDER AND OPINION** |

This matter is before the Court upon Defendant Target Corporation's motion to amend the answer. (Dkt. No. 12.) For the reasons set forth below, Defendant's motion is granted.

I. **Background**

This is a premises liability action where Plaintiff, Sheila Clark, sued Defendant Target Corporation ("Target") for negligence/gross negligence after she slipped on something located on the floor while on the premises. (Dkt. No. 1-1 at ¶¶ 9.) Target answered the complaint and asserted multiple affirmative defenses including punitive damages. (Dkt. No. 2 at ¶ 24.) On January 20, 2020 Target moved to amend its answer to plead statutory punitive damages caps described in S.C. Code Ann. § 15-32-530. (Dkt. No. 12-2 at ¶ 30.) Plaintiff did not respond to Target's motion to amend.

II. **Legal Standard**

Rule 15 of the Federal Rules of Civil Procedure provides that, after the time has passed to amend a pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The district court should freely give leave when justice

policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). The "district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 602–03 (4th Cir. 2010).

However, Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997). Where a motion to amend the pleadings is filed after the scheduling order deadline, a two-step analysis is required: the movant must first demonstrate that it has "good cause" for seeking modification of the scheduling deadline under Rule 16(b). If the movant satisfies Rule 16(b)'s "good cause" standard, it must then pass the requirement for amendment under Rule 15(a). *Id.*

### III. Discussion

Before the Court is Target's motion to amend the answer to plead statutory punitive damages caps described in S.C. Code Ann. § 15-32-530. (Dkt. No. 12; 12-2 at ¶ 30.) The motion to amend was filed after the November 26, 2019 deadline to amend the pleadings had passed. (Dkt. No. 7 at 2–3.). Target seeks to amend the answer at this time due to a recent change in the law. On January 15, 2020, the South Carolina Court of Appeals held that a defendant waives the right to assert the punitive damages cap pursuant to S.C. Code Ann. § 15-32-530, if the cap is not raised as an affirmative defense. *Garrison v. Target Corp.*, No. 2017-000267, 2020 WL 216297, at *21 (S.C. Ct. App. Jan. 15, 2020).

*Garrison* also held that at the very least, Defendant is required to "raise the defense prior to the conclusion of discovery so that the [plaintiff] would have . . . prior notice of the additional

2

evidence . . . needed[ed] to lift the punitive damages limit." *Id.* Target filed its motion to amend on January 30, 2020 in response to the change in law, which may constitute good cause to extend the deadline to amend pleadings. *See Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668–69 (D. Colo. 2001) (finding good cause to extend the deadline for amendment because recent documents received from Defendant and recent authority from state court of appeals established an additional claim against Defendant.); *see also Shank v. Carleton Coll.*, 329 F.R.D. 610, 615 (D. Minn. 2019) (noting that a change in the law may constitute good cause to extend the deadline to amend pleadings.) Good cause to extend the deadline to amend the pleadings has been established.

Next, the Court will analyze whether the proposed amended answer would prejudice Plaintiff, whether the amendment would be futile, or whether Target acted in bad faith in seeking to amend. Upon a review of the proposed amended answer, the Court finds that allowing Target to amend would not prejudice Plaintiff. (Dkt. No. 12-1.) A prejudicial amendment is one that "raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party, [and] is offered shortly before or during trial." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). Here, Target sought consent from Plaintiff and leave from the Court to amend the answer within fifteen days of the *Garrison* decision. (Dkt. Nos. 12; 12-3.) Discovery is scheduled to end on February 24, 2020. (Dkt. No. 7 at 3.) Target sought Plaintiff's consent to amend the answer prior to the close of discovery. (Dkt. No. 12-3.) In addition, Target sought leave to amend from the Court prior to the end of discovery. (Dkt. No. 12.) Target represents that upon filing the instant motion, Plaintiff had not taken depositions of Target's fact witnesses or 30(b)(6) witnesses and had not sought discovery regarding Target's finances. (*Id.* at 2.) Further, Target's original answer includes an affirmative defense for punitive damages, which puts Plaintiff on some notice of Target's punitive damages defense. (Dkt. No. 2 at ¶¶ 24–

30.) Accordingly, Plaintiff would not be prejudiced by Target's amending the answer to plead the statutory punitive damages caps.

In addition, Target's amendment would not be futile. "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Pittston Co. v. United States*, 199 F.3d 694, 705 (4th Cir. 1999) (internal citations omitted); *Shiflet v. Allstate Ins. Co.*, 233 F.R.D. 465, 467 (D.S.C. 2006) (allowing amendment where proposed additional defense was a complete defense to Plaintiff's claim and would aid in resolving case on the merits.) Here, Target has a potentially viable affirmative defense of the statutory cap on punitive damages. Accordingly, Target's amendment would not be futile.

Last, there is no evidence Target seeks to amend in bad faith.

### IV. Conclusion

For the foregoing reason, Defendant Target Corporation's motion to amend the answer (Dkt. No. 12) is **GRANTED.** Defendant is **DIRECTED** to promptly file the amended answer within ten (10) days of the entry of this order.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

February 12, 2020
Charleston, South Carolina